CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

JUL 2 9 2008

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **MICHAEL S. MOORE,** | ) | |
| Petitioner, | ) | **Civil Action No. 7:08-cv-00417** |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **TERRY O'BRIEN, WARDEN,** | ) | **By: Hon. James C. Turk** |
| Respondent. | ) | **Senior United States District Judge** |

Petitioner Michael S. Moore, proceeding pro se, brings this action as a petition for writ of
habeas corpus, pursuant to 28 U.S.C. § 2241. In his petition, Moore asserts that his current
confinement in the United States Penitentiary in Lee County, Virginia ("USP Lee County") is
unlawful, because he is entitled to spend the last six months of his sentence at a community
correctional center ("CCC"). Moore claims that the Bureau of Prisons ("BOP") is violating
federal law and policy by failing to release him to a CCC. He seeks his immediate release to
home confinement "since no halfway house placement is available"; "housing, preventative
guidance and training, and other rehabilitative services that will promote [his] successful reentry
into the community"; and appropriate monetary damages.[1] Upon review of the record, the court
finds that the petition must be summarily dismissed, as petitioner has no statutory or
constitutional entitlement to the relief that he seeks under § 2241.

Moore alleges the following sparse facts in support of his petition. On May 19, 2008, he
was eligible for release to a community correctional facility, such as a halfway
house or home confinement. The Director of the BOP, the Warden, and multiple
staff members at USP Lee County have all failed to follow BOP policy and
federal law to release [him] in the final months of [his] imprisonment to a facility
for reentry into the community.

(Pet., 4). The BOP staff members assigned to Moore's case "have all failed to put forth a good
faith effort because their attitude is that since [Moore] now [has] only approximately 4 months

---

[1]Moore cites no authority under which he might recover monetary damages in a habeas action
pursuant to § 2241, and the court finds none.

1

left on [his] entire term they can just placate [him] with false hopes and insincere assurances for the remaining time." Moore has been in prison for almost fifteen years and fears that having no community confinement period is like being "sentenced . . . to the likelihood of returning to prison." Pet., Decl. of Michael Moore, 2).

To state a claim for relief under § 2241, petitioner must demonstrate that he is confined in violation of the Constitution or laws of the United States.[2] § 2241(c)(3). Inmates have no constitutional right to be housed in any particular prison or jail or in a confinement facility of any particular security level. Meachum v. Fano, 427 U.S. 215, 223-224 (1976) ("The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons."). Similarly, inmates have no constitutional right to rehabilitation programs or education programs of any particular kind. See Bowring v. Godwin, 551 F.2d 44, 48 n. 2 (4th Cir. 1977). Federal law and BOP policy do require prison officials to take positive steps to ensure, "to the extent practicable," that an inmate receives assistance in readjusting to life in the community as he nears completion of his prison sentence; such readjustment assistance "may include a community correctional facility. See 18 U.S.C. § 3624(c)(1). Determining the exact nature of the readjustment assistance is a decision that remains fully vested, however, in the

---

[2]Before seeking relief under § 2241 regarding execution of his federal criminal sentence, an inmate must exhaust available administrative remedies. See Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir.2001). Moore offers no indication that he has exhausted his administrative remedies within the BOP regarding his desire to be considered for release to a CCC facility. Until he has done so, this court could not grant relief. Because his current petition does not state any claim for relief in any case, the court will not inquire further into the issue of exhaustion.

discretion of BOP officials, as long as they consider particular factors in reaching that decision.[3] 18 U.S.C. § § 3621(b), 3624(c).

Neither § 3624(c) nor § 3621(b) automatically entitles inmates to six months placement in a CCC. See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 251 (3d Cir.2005) ("that the BOP may assign a prisoner to a CCC does not mean that it must"); Williams v. Phillips, Slip Copy, 2008 WL 2705608, * 1 (N.D. W. Va. July 10, 2008) (same); Crahan v. Adams, 2004 WL 4020190 *17 (S.D. W. Va. June 28, 2004) (federal prisoners have no right under § 3621(b) to placement in a halfway house for the full six months). At the most, inmates are entitled to have BOP officials consider the five factors enumerated in 18 U.S.C. § 3621(b) in determining suitability for release to a CCC. Williams, 2008 WL 2705608 at * 1. If BOP officials have

---

[3]Title 18, Section 3624(c) provides, in pertinent part:
    (c) **Prerelease custody.**--
        (1) In general.--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.
        (2) Home confinement authority.--The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.
        (3) Assistance.--The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during prerelease custody under this subsection.
        (4) No limitations.--Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.
§ 3624(c)(1) - (c)(4). Title 18, section 3621(b) provides, in pertinent part:
    (b) **Place of imprisonment.**--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--
        (1) the resources of the facility contemplated;
        (2) the nature and circumstances of the offense;
        (3) the history and characteristics of the prisoner;
        (4) any statement by the court that imposed the sentence--
            (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
            (B) recommending a type of penal or correctional facility as appropriate; and
        (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
    In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. . . .
§ 3621(b).

3

given an inmate's case "appropriate consideration under 18 U.S.C. § 3621(b), the petitioner has received all manner of relief to which he is entitled." Id.

The court cannot find that Moore has any right to the relief he demands. First, he has no constitutional right to be housed in any particular facility or at any particular level of security during any period of his criminal sentence of confinement. Second, he has no constitutional right or statutory entitlement to any specific rehabilitation programming. Third, the federal statutes on which he relies do not entitle him to release to any CCC facility, let alone release to home confinement. While he may be eligible for some form of CCC confinement, only prison officials and not the court have the authority and discretion to determine whether or not Moore is suitable for such confinement and what type of CCC facility is both available and appropriate for him. Moore admits that he has been reviewed for CCC release and has been informed that no halfway house confinement is available and he will not be transferred to any other type of CCC facility at this time. Certainly, the fact that no halfway house is available does not entitle Moore to be released instead to home confinement, a far less restrictive type of detention. The decision rests with prison officials, and they have decided against CCC confinement. Finally, Moore does not allege that prison officials have failed to consider all the factors listed in § 3621(b) in reaching their decision that he will not be transferred to a CCC facility at this time. He merely asserts that by failing to release him to a CCC facility, officials have violated his rights, and he demands immediate release to home confinement. As he has no constitutional or statutory right to court-ordered release to a CCC facility, the court will summarily dismiss his petition, pursuant to § 2241. An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a

4

constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to petitioner.

ENTER: This _29th_ day of July, 2005.

Senior United States District Judge

5